# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 13-11099
Summary Calendar

May 9, 2014

Lyle W. Cayce
Clerk

JOSEPH OYE OGUNTODU, also known as Ayoola Oguntodu,

Plaintiff-Appellant

v.

CHERYL GARY, Nurse Practitioner; MICHAEL BRANIGAN, Unit Administrator; ASHLEIGH ROBERTS, LVN; NFN CHACON, LVN,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:13-CV-27

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Joseph Oye Oguntodu, Texas prisoner # 1728590, appeals the dismissal of his pro se, in forma pauperis (IFP) 42 U.S.C. § 1983 suit alleging that the defendants violated his Eighth Amendment rights. The district court dismissed Oguntodu's complaint for failure to state a claim upon which relief could be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11099

Oguntodu also filed a notice of appeal from the district court's denial of his postjudgment motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

We normally review the dismissal of a civil rights complaint for failure to state a claim de novo, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "Under that standard, a complaint fails to state a claim upon which relief may be granted when it does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers*, 709 F.3d at 407 (internal quotation marks and citation omitted). In this case, however, since Oguntodu did not object to the magistrate judge's report and recommendation, which was adopted by the district court, our review is only for plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that Oguntodu claims that the defendants inadequately treated him with respect to his diabetic condition and his requests for diabetic supplies, his disagreements with his medical treatment and his allegations of negligence and unprofessional behavior do not state valid claims of deliberate indifference to his serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Nor did Oguntodu allege facts giving rise to a valid Eighth Amendment claim in connection with the collection of a $100 copayment for health care services. *See Morris v. Livingston*, 739 F.3d 740, 748-49 (5th Cir. 2014). We do not consider Oguntodu's argument, raised for the first time on appeal, that prison security staff denied him access to medical care. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Finally, by failing to

address the basis for the district court's denial of his Rule 59(e) motion, Oguntodu has abandoned any challenge to that denial. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Oguntodu's appeal is without arguable merit and is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of Oguntodu's complaint for failure to state a claim each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Oguntodu that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.